UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAM VU,<br><br>   Plaintiff,<br><br>  v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, *et al.*,<br><br>   Defendants. | Case No. 18-cv-03594-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Defendant Liberty Mutual Insurance Company, Inc.'s ("LMIC") motion to dismiss plaintiff Tam Vu's second amended complaint is set for hearing on October 5, 2018. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss, with leave to amend.

## BACKGROUND

The following facts are taken from the allegations in plaintiff Tam Vu's Second Amended Complaint ("SAC"). Dkt. No. 23. Plaintiff Tam Vu is a resident of San Jose, California. SAC, ¶1. Defendant Liberty Mutual Insurance Company, Inc. ("LMIC") is a Massachusetts corporation. Defendant Liberty Insurance Corporation ("LIC") is an Illinois corporation. SAC, ¶ 2-3; Dkt. No. 24, ¶ 2-3. Plaintiff alleges that LIC and LMIC marketed plaintiff a home insurance policy that provided "complete coverage for [plaintiff's] home's physical structure, for other structures on the property, for damage to [her] personal belongings, and for loss of use resulting from a covered

loss." SAC, ¶ 14. Specifically, the policy guaranteed payment of up to $624,200 for repairs to the home and "$458,150 for repairs or replacement of damaged property." SAC, ¶ 16.

Plaintiff alleges that in May 2018, her home sustained water damage to the point of uninhabitability "from a broken water line in her kitchen, causing damage throughout the first floor, and to personal property[.]" *Id*. at ¶ 17. Plaintiff states that she provided prompt notice to LIC, which assigned the claim number GK43030, and that she fulfilled all conditions necessary to receive payout of her insurance. *Id*. at ¶ 19. Plaintiff alleges LIC misrepresented pertinent facts and falsely claimed that the water damage resulted from "gradual or continuous water seepage over a period of 14 days or more." *Id*. at ¶ 21. Plaintiff further contends that LMIC and LIC failed to disclose benefits, coverage, and time limits, failed to detail the bases for denial of coverage, and to date have not paid the amount due on the policy. *Id*.

Plaintiff filed two amended complaints, one as a matter of course, Dkt. No. 7, and one by way of stipulation between the parties, Dkt. No. 18. Defendants filed a motion to dismiss the SAC, Dkt. No. 25, and plaintiff filed a timely reply. Dkt. No. 30.[1]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant

---

[1] In plaintiff's SAC, she alleges the lawsuit should be assigned to the Oakland Division of this district, because defendants' regional claims office and the employees responsible for handling plaintiff's claim are located in Walnut Creek. SAC, ¶ 7. However, under Civil Local Rule 3-2(d), actions arising in Alameda County may be assigned to either the San Francisco or the Oakland Division.

has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (citations and internal quotation marks omitted).

## DISCUSSION

Plaintiff's only cause of action is for breach of the implied covenant of good faith and fair dealing. *See* SAC. Under California law, claims for breach of the duty of good faith and fair dealing, whether brought in the insurance context or otherwise, require the existence of a contract between a plaintiff and the defendant. *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576 (1973); *see also Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir.1999) (holding insurance agents or brokers cannot be held liable for breach of the implied covenant of good faith and fair dealing because they are not parties to the insurance contract). "Only a party to an insurance contract may be held liable . . . for breach of the implied covenant of good faith and fair dealing." *Jones v. AIG Risk Mgmt., Inc.*, 726 F. Supp. 2d 1049, 1054 (N.D. Cal. 2010) (holding that the

court will not subject AIG to liability where AIG played a role in handling the claim but the Policy "specifies that coverage was being provided by [signatory] only"); *Wallis v. Centennial Ins. Co.*, 927 F. Supp. 2d 909, 915 (E.D. Cal. 2013) (holding that issuance of a policy, acceptance of premium for the policy, and accepting the duty to defend the plaintiff "cannot defeat what is indicated by the Policy itself") (citation omitted).

Plaintiff concedes that LMIC did not insure her home and is not a party to the Policy contract. However, plaintiff argues LMIC and LIC are alter egos of one another, or, in the alternative, that they are a single entity and therefore, LMIC is a proper party in this action. SAC, ¶ 10-11. LIC is a wholly owned and controlled subsidiary of LMIC, Dkt. No. 24, ¶ 11, and the Court will review LMIC's liability under the alter ego theory. *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000) (holding that the alter ego doctrine is a mechanism for imposing liability on a parent company for the actions of its subsidiaries whereas single entity liability applies to sister corporations).

California law applies a two-part test for alter-ego liability: (1) "there is such a unity of interest and ownership that the individuality, or separateness, of the [defendant] and corporation has ceased;" and (2) "the facts are such that an adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice." *Wood v. Elling Corp.*, 20 Cal.3d 353, 356 (1977) (quoted in *Whitney v. Arntz*, 320 F. App'x 799, 800 (9th Cir. 2009) (alterations in original); *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1021 (9th Cir. 2017). In "assessing whether there is unity of interest for the purposes of alter ego liability," courts typically consider the following nine factors:

> [1] [T]he commingling of funds and other assets of the entities, [2] the holding out by one entity that it is liable for the debts of the other, [3] identical equitable ownership of the entities, [4] use of the same offices and employees, [5] use of one as a mere shell or conduit for the affairs of the other, [6] inadequate capitalization, [7] disregard of corporate formalities, [8] lack of segregation of corporate records, and [9] identical directors and officers.

4

*Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 954 (N.D. Cal. 2015) (citation omitted). A court need not find that every factor is present and none are determinative. *Johnson v. Serenity Transportation, Inc.*, 141 F. Supp. 3d 974, 985 (N.D. Cal. 2015). With regard to the second prong, the alter ego doctrine requires some showing of conduct "*amounting to bad faith* [that] makes it inequitable for the corporate owner to hide behind the corporate form." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 677 (9th Cir.), *cert. denied*, 138 S. Ct. 504, 199 L. Ed. 2d 385 (2017) (quoting *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 539 (2000)) (emphasis supplied).

The parties agree that the SAC alleges sufficient facts to satisfy the first element, unity of interest, at the pleadings stage. Dkt. No. 25 at 6. As to the second element, plaintiff claims injustice or fraud on the grounds that LMIC employees will not be subject to deposition, written discovery, or disclosures, and that the failure to include LMIC will negatively impact plaintiff's potential punitive damages award. Dkt. No. 27 at 9. However, plaintiff makes no allegations that defendants' conduct amounted to bad faith such that there is an inequitable result. *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1143 (C.D. Cal. 2015) ("Bad faith is a critical factor in the [alter ego] analysis."). *See also Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1117 (C.D.Cal.2003) (holding that "California courts generally require some evidence of bad faith conduct on the part of defendants before concluding that an inequitable result justifies an alter ego finding") (citing *Mid–Century Ins. Co. v. Gardner*, 9 Cal. App. 4th 1205, 1213 (1992) ("The purpose of the doctrine is not to protect every unsatisfied creditor, but rather to afford him protection, where some conduct amounting to bad faith makes it inequitable, under the applicable rule above cited, for the equitable owner of a corporation to hide behind its corporate veil") (internal citation and quotation marks omitted)). Plaintiff's complaint fails to identify bad faith on the part of LMIC. While plaintiff argues she should be able to conduct discovery to establish institutional bad faith by LMIC for her contractual claims, "a plaintiff must

5

allege specifically both of the elements of alter ego liability, as well as facts supporting each."[2] *Neilson*, 290 F.Supp.2d at 1116 (quoted in *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014)).

Because a showing of bad faith is required for alter ego liability, the Court GRANTS LMIC's motion to dismiss and GRANTS plaintiff leave to amend the complaint to plead sufficient facts to establish a facially plausible claim. If plaintiff chooses to amend her claims, she should allege "**facts** which demonstrate that an adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice."

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant LMIC's motion to dismiss with leave to amend. If plaintiff wishes to amend the complaint, plaintiff must file an amended complaint **no later than October 19, 2018**.

**IT IS SO ORDERED**.

Dated: October 3, 2018

SUSAN ILLSTON
United States District Judge

---

[2] Plaintiff alleges that inequity follows from the fact that "LMIC's financial condition . . . would justify a far higher punitive damages award in the event its conduct amounted to malice, fraud, or oppression." This Court is unconvinced this justifies the inequity necessary to satisfy the second prong.