UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TAM VU,<br><br>        Plaintiff,<br><br>      v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No. 18-cv-03594-SI<br><br>**ORDER RE DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 51 |

The parties have submitted a discovery dispute to the Court. See Dkt. No. 51. The disagreement stems from plaintiff's request for documents from both defendants showing total water loss claims and water loss denials based on "seepage and leakage" exclusion in 2016 and 2017 for all counties in California. These documents are sought in connection with discovery going to defendants' alleged pattern and practice of unreasonably denying claims and showing that defendants acted intentionally and with fraud, malice, and oppression. Defendants argue the requests are overbroad and unduly burdensome. However, they have offered to compromise by producing water loss claims brought under defendant Liberty Insurance Company's ("LIC's") homeowners policies adjusted by Tamara Chukes or Juan Gonzales[1] in Santa Clara, San Mateo, Alameda, and Santa Cruz counties in 2017 and 2018.

While plaintiffs are entitled to pattern and practice discovery, the Court finds that production of *all* claims and water loss denials based on seepage and leakage, by *any* adjusters, for the *entire* state of California, is too broad. Defendants' compromise limits documents to various Bay Area counties and further limits the documents to those policies adjusted by Ms. Chukes and Mr.

---

[1] Tamara Chukes was the claims adjuster for the claim at issue and Juan Gonzales was her supervisor at the time.

Gonzales. These is a reasonable start that does not prejudice or overburden defendants and upholds plaintiff's right to pattern and practice evidence. If it becomes clear after the production of this group of documents that further production is needed, plaintiff may petition the Court again. Plaintiff has stated that she will accept claim files and denial letters from which all identifying personal information has been redacted, which obviates the need for notice to third-party insureds. However, documents for 2016 must also be produced.

Therefore, defendants shall produce water loss claims and denial letters under LIC's homeowners policies adjusted by Tamara Chukes or Juan Gonzales in Santa Clara, San Mateo, Alameda, and Santa Cruz Counties in 2016, 2017, and 2018. Defendants will redact any and all private information in said production.

**IT IS SO ORDERED**.

Dated: March 12, 2019

SUSAN ILLSTON
United States District Judge