UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAM VU,<br><br>                Plaintiff,<br><br>    v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, et al.,<br><br>                Defendants. | Case No. 18-cv-03594-SI<br><br>**ORDER RE JOINT DISCOVERY DISPUTE #4**<br><br>Re: Dkt. No. 60 |

On April 11, 2019, the parties filed their fourth joint discovery dispute letter regarding production of a two-page document titled "CWS Manager Guide." Dkt. No. 60. Defendants argue the CWS Manager Guide should not be produced because it contains information protected by the trade secret privilege and is in fact labeled "Proprietary – Trade Secret (Competitively Sensitive Information)" on the document. *Id*. at 2. Defendants do not dispute the CWS Manager Guide is relevant, nor, it seems, could they.

Liberty Mutual has already produced various guidelines for claims adjusters and their supervisors regarding how to handle a "Closed Without Settlement" ("CWS") claim, such as Ms. Vu's. One of the previously produced documents refers to the "CWS Manager Guide." Thus, there is no question that the document is relevant.

Generally, California Evidence Code § 1060 allows the owner of a trade secret to refuse disclosure of the secret if the privilege does not "conceal fraud or otherwise work injustice." Thus, trade secret privilege cannot unreasonably deny one side evidence required for fair resolution. *Bridgestone/Firestone, Inc. v. Superior Court,* 7 Cal. App. 4th 1384, 1393 (1992). After the trade secret holder proves its existence, the party seeking discovery must then make

specific *prima facie* showing that the information sought is relevant and necessary to a fair resolution of the lawsuit. Cal Evid. Code § 405; *Id*. at 1393. The party claiming privilege may then provide any claimed disadvantages of a protective order. *Id.* Disclosure must be ordered "unless, after balancing the interests of both sides, [the Court] concludes that under the particular circumstances of the case, no fraud or injustice would result from denying disclosure." *Id.*

**Defendants shall submit evidence by Monday, April 22, 2019** regarding (1) whether the CWS Manager Guide is trade secret protected and (2) how limited production of said document under the auspices of a protective order will prejudice them.

**Plaintiff shall submit its response by Friday April 26, 2019.**

**Defendants may submit a reply by Wednesday May 1, 2019.**

**IT IS SO ORDERED**.

Dated: April 16, 2019

SUSAN ILLSTON
United States District Judge