UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAM VU,<br><br>        Plaintiff,<br><br>    v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No. 18-cv-03594-SI<br><br>**ORDER RE JOINT DISCOVERY DISPUTE # 5**<br><br>Re: Dkt. No. 65 |

On April 25, 2019, the parties filed their fifth joint discovery dispute letter regarding defendants' request for production of Ms. Vu's 2017-2018 financial records, specifically monthly and yearly: financial checking account statements, savings account statements, retirement account statements, money market accounts, stock and bond records, tax returns, 1099 forms, W-2 forms, and other income verification forms. Dkt. No. 65. This list of records requested is the truncated list defendants propose as a compromise. *Id.* at 3.

Defendants argue Ms. Vu is obligated to produce these documents for two reasons. First, defendants argue Ms. Vu must produce financial records in connection with her emotional distress cause of action. In an insurance bad faith case, plaintiffs may bring a claim for emotional distress, but the emotional distress claim hinges upon a showing of economic loss on the bad faith claim. *Gourley v. State Farm Mut. Auto. Ins. Co.*, 53 Cal. 3d 121, 128 (March 28, 1991) (An insured may "recover in tort for emotional distress damages flowing from the insurer's breach … however … the bad faith action is not a suit for personal injury, but rather relates to financial damage …"). This is because the emotional distress stems from the economic loss suffered when the insurance claim was denied. *Id.* ("[D]amages for emotional distress [in relation to a bad faith insurance claim] are compensable as incidental damages flowing from the initial breach, not as a separate cause of action … Thus, once the threshold requirement of economic loss is met, the insured need not show additional loss or injury to recover damages for his mental distress as long as such damages were proximately caused by his insurer's breach of the implied covenant."). In support of their position,

defendants cite to one Eastern District Court case in which a plaintiff was compelled to produce financial records under similar circumstances.[1]

The Court declines to follow the Eastern District's reasoning. As the California Supreme Court stated in *Gourley,* cited above, the "emotional distress stems from the economic loss suffered when the insurance claim was denied." *Gourley v. State Farm Mut. Auto. Ins. Co*., 53 Cal. 3d 121, 128 (March 28, 1991).

Second, defendants argue the records are relevant to defendants' affirmative defense that Ms. Vu failed to mitigate her damages. Plaintiff claims that she was no longer employed or otherwise in a position to mitigate damages when the loss occurred. The Court agrees with the analysis in *Paolo v. Amco Insurance Company, et al*., which concluded the plaintiff in that case was not required to produce financial information when faced with an affirmative mitigation defense. (N.D. Cal., Jan. 14, 2004, No. 02-02367 HRL).

Ms. Vu has offered to provide defendants with a sworn declaration stating (1) what her liquid assets were as of the first of each month from June 1, 2018 to April 1, 2019, (2) that she was laid off in or about June 2018, shortly after the loss and denial of her insurance claim and has had no employment income since, and (3) that she has had no other sources of work income from June 2018 to present. Compelling Ms. Vu to do more than this is unnecessary as there is no particularized need for the detail defendants request.

Therefore, Ms. Vu shall serve defendants with a sworn declaration as described above no later than May 13, 2019.

**IT IS SO ORDERED**.

Dated: April 26, 2019

SUSAN ILLSTON
United States District Judge

---

[1] The Eastern District Court reasoned that because "the emotional effect of non payment of benefits vastly differs depending on the net worth of the individual," and because the scope of discovery is broad, the plaintiff was compelled to produce bank and credit card records in connection with his emotional distress claim. *Brunsvik v. Hartford Life & Accident Ins. Co*., 2011 U.S. Dist. LEXIS 134069, *5, 2011 WL 5838221 (E.D. Cal. November 18, 2011).

2